IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 19 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

CARLA GIBSON, WINDELL LAWSON,
JOYCE POWELL, JEFF ROGERS, LEE
WARDEN, KATHY WOOD AND LILLIE
WOODS, on behalf of themselves and all
others similarly situated                  PLAINTIFFS

VS.              Case No. 13-1040

CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.                         DEFENDANT

VS.

BIOLAB, INC. a/k/a BIO-LAB, INC.
a/k/a BIO LAB, INC.                  THIRD PARTY DEFENDANT

**NOTICE OF REMOVAL**

Robert L. Depper Jr.
Depper Law Firm
101 W. Main, Suite 200
El Dorado, AR 71730

Allen P. Roberts
Allen P. Roberts, P.A.
P.O. Box 280
Camden, AR 71711-0280

Dale Smart
Phillip A. Stone
Smart & Stone
315 E. Main
El Dorado, AR 71730

Samuel E. Ledbetter
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201-2201

David P. Price
David P. Price, P.A.
P.O. Box 765
Magnolia, AR 71754-0765

Cheryl Cochran-Wilson
Union County Circuit Clerk
Union County Courthouse
101 N. Washington Ave.
El Dorado, Arkansas 71730

**PLEASE TAKE NOTICE** that Third Party Defendant BioLab, Inc., aka Bio-Lab, Inc. aka Bio Lab, Inc. ("BioLab") hereby removes the above-captioned action from the Circuit Court of Union County, Arkansas to the United States District Court for the Western District of Arkansas, El Dorado Division, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 *et seq.* and 28

U.S.C. § 1453, on the basis of the following facts which demonstrate the existence of subject matter jurisdiction in this Court:

1. On January 4, 2013, Plaintiffs commenced this action by filing a Summons and Class Action Complaint in the Circuit Court of Union County, Arkansas in Case No. CV-2013-0006-6, against Clean Harbors El Dorado, LLC, a/k/a ENSCO, a/k/a Environmental.

2. On February 4, 2013, Plaintiffs filed a First Amendment to Class Action Complaint to name and substitute Clean Harbors Environmental Services, Inc., a Massachusetts corporation ("Clean Harbors"), as the proper Defendant. Plaintiffs reaffirmed, realleged and reincorporated all allegations and assertions contained in the original Class Action Complaint.

3. On March 12, 2013, Clean Harbors filed an Amended and Substituted Third Party Complaint (the "Third Party Complaint") against BioLab, a Delaware corporation with its principal place of business in Lawrenceville, Georgia.

4. BioLab was served with the Third Party Complaint on March 20, 2013.

5. This Notice of Removal is timely because it is filed within thirty days of service of the Third Party Complaint upon BioLab. *See* 28 U.S.C. § 1446(b).

6. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court action.

7 Under 28 U.S.C. § 1441(a), venue for this removal is proper in the Western District of Arkansas, El Dorado Division, because this is the district and division embracing the place where the state court action is pending. 28 U.S.C. § 83(a)(2).

8. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served upon Plaintiffs' counsel, and a Notice of Filing of Notice of Removal is being filed with the Clerk of the Circuit Court in and for Union County, Arkansas. A true and correct copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

## BASIS OF FEDERAL DIVERSITY JURISDICTION
## UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

9. This action is removable to this Court because federal diversity jurisdiction exists pursuant to CAFA.

10. Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (a) the number of proposed class members is not less than 100; (b) any member of the proposed class is a citizen of a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5) & 1453(b). As set forth below, all of the requirements for removal are satisfied.

### Class Size

11. The Class Action Complaint alleges that the putative class includes as many as 400 Arkansas residents who were subject to evacuation following an alleged chemical release at a hazardous waste storage and treatment facility owned and operated by Clean Harbors in Union County, Arkansas. Class Action Complaint, ¶¶ 9, 16. CAFA's first requirement -- that the proposed class contain at least 100 members, is therefore satisfied. 28 U.S.C. § 1332 (d)(5).

### Diversity of Citizenship

12. CAFA's second requirement -- that any one member of the proposed class be a citizen of a state different from any defendant, is also satisfied. 28 U.S.C. § 1332(d)(2).

13. The Class Action Complaint requests the certification of a class of Arkansas residents and alleges claims again Clean Harbors, a Massachusetts corporation. First Amendment to Class Action Complaint, ¶ 4. Clean Harbors has filed its Third Party Complaint against BioLab, a Delaware corporation with its principal place of business in Georgia. Therefore, complete diversity of citizenship exists among the parties.

### Amount in Controversy

14. CAFA's third requirement -- that the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, is satisfied. 28 U.S.C. § 1332(d)(2). Although Clean Harbors and BioLab dispute liability and damages, Plaintiffs' claims for relief on behalf of themselves and their proposed class, if granted, would exceed $5,000,000. *See Bell v. The Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009) (holding that "[w]hen the complaint does not specify an amount in controversy or it is 'unclear or ambiguous' from the face of the complaint whether the jurisdictional threshold is met, the removing defendant must establish the jurisdictional facts by a preponderance of the evidence").

15. Plaintiffs have asserted claims against Clean Harbors for negligence, absolute liability and trespass. Class Action Complaint, ¶¶ 24-32. On the basis of these claims, Plaintiffs seek an award of monetary damages to compensate them for the "substantial damages and injuries reasonably foreseeable to defendant" as follows: (a) costs and expenses associated with evacuation, without limitation, to meals, lodging and travel; (b) costs and expenses associated with lost income; (c) damage to Plaintiffs' personal property and real property; (d) personal injury in the form of discomfort, including without limitation, nose bleeds, shortness of breath, dizziness, irritation of membranes or other physical harm or discomfort as a result of exposure to chemicals, along with associated medical expenses; (e) the loss of use and enjoyment of Plaintiffs' property; (f) the loss of peace of mind, fear and fright; and (g) economic loss from business interruption. Class Action Complaint, ¶ 32. In sum, Plaintiffs seek compensatory damages "for all injuries and property damage suffered due to the acts and omissions of defendant which, when aggregated with all other elements of damages, costs and fees, will not exceed $75,000 per class member." Class Action Complaint, Prayer for Relief.

16. In the Third Party Complaint, Clean Harbors seeks "a declaration that BioLab is obligated to defend and indemnify [Clean Harbors] for any judgment, attorney's fees, or costs arising from the incident giving rise to this Class Action Complaint." Third Party Complaint, ¶

4

18. Clean Harbors further adopts and incorporates all allegations in the Class Action Complaint and reasserts them against BioLab. Third Party Complaint, ¶ 19. In the alternative, Clean Harbors seeks contribution and/or apportionment of fault against BioLab. Third Party Complaint, ¶ 20.

17. In order to satisfy the amount in controversy in this action, 400 Arkansas residents would have to claim an average of $12,500 per class member in damages and attorney's fees (plus one dollar). Plaintiffs have alleged damages in such a way that each class member may seek to recover as much as $74,999 in damages, costs and fees. Class Action Complaint, Prayer for Relief. Notably, Plaintiffs claim damages for "substantial" personal injuries, property damage, business interruption and other costs related to the alleged evacuation. Under this model of damages as alleged by Plaintiffs, the total recovery of the class could be as high as $29,999,600.

18. Moreover, as Plaintiffs' counsel is now undoubtedly aware, Plaintiffs cannot avoid federal jurisdiction under CAFA by filing binding stipulations with their Class Action Complaint to state that they will not seek damages greater than the jurisdictional minimum upon remand. *The Standard Fire Insurance Company v. Knowles*, 2013 U.S. LEXIS 2370 (March 19, 2013).

19. Therefore, the preponderance of the evidence establishes that Plaintiffs have alleged a class-wide aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs.

20. Because all of the elements required to establish jurisdiction in this Court under CAFA have been satisfied, this action is properly removed to this Court for adjudication.

WHEREFORE, Third Party Defendant BioLab, Inc., aka Bio-Lab, Inc. aka Bio Lab, Inc. respectfully requests that this Court take jurisdiction of this matter and award all other legal and equitable relief to which it is entitled.

Respectfully submitted,

KEVIN A. CRASS, #84029
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3522
Telephone: (501) 376-2011
Facsimile: (501) 376-2147
E-Mail: crass@fridayfirm.com

R. CHRISTOPHER LAWSON, #93083
FRIDAY, ELDREDGE & CLARK, LLP
3425 North Futrall Drive, Suite 103
Fayetteville, AR 72203-6252
Telephone: (479) 695-1888
Facsimile: (479)-695-2147
E-Mail: lawson@fridayfrim.com

Attorneys for Third Party Defendant
BioLab, Inc.

By: _____
R. Christopher Lawson

## CERTIFICATE OF SERVICE

I, R. Christopher Lawson, hereby certify that a copy of the foregoing has been served upon the following counsel of record on this 18th day of April, 2013:

Robert L. Depper Jr.
Depper Law Firm
101 W. Main, Suite 200
El Dorado, AR 71730

Samuel E. Ledbetter
McMath Woods, P.A.
711 West Third Street
Little Rock, AR 72201-2201

Allen P. Roberts
Allen P. Roberts, P.A.
P.O. Box 280
Camden, AR 71711-0280

David P. Price
David P. Price, P.A.
P.O. Box 765
Magnolia, AR 71754-0765

Dale Smart
Phillip A. Stone
Smart & Stone
315 E. Main
El Dorado, AR 71730

Cheryl Cochran-Wilson
Union County Circuit Clerk
Union County Courthouse
101 N. Washington Ave.
El Dorado, Arkansas 71730

_____
R. Christopher Lawson