IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLA GIBSON, WINDELL LAWSON,    PLAINTIFFS
JOYCE POWELL, JEFF ROGERS,
LEE WARDEN, KATHY WOODS, and
LILLIE WOODS
*On behalf of themselves and all others similarly situated*

v.                       Case No. 1:13-cv-01040

CLEAN HARBORS ENVIRONMENTAL    DEFENDANT/THIRD-
SERVICES, INC.    PARTY PLAINTIFF

v.

BIOLAB, INC.    THIRD-PARTY DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiffs' Motion to Remand. ECF No. 10. Plaintiffs filed this Motion on May 20, 2013. *Id.* Third-Party Defendant BioLab, Inc. ("BioLab") responded to this Motion on May 30, 2013, and Plaintiffs replied on June 3, 2013. ECF Nos. 12-13. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiffs' Motion to Remand (ECF No. 10) be **GRANTED.**

1. **Background:**

On January 4, 2013, Plaintiffs filed a class action complaint in the Circuit Court of Union County, Arkansas. ECF No. 1-1 at 5-17. Plaintiffs subsequently amended their complaint on February 4, 2013 to name the proper defendant, Clean Harbors Environmental Services, Inc. ("Clean

1

Harbors"). *Id.* at 18-21. On Feburary 8, 2013, Clean Harbors filed a Third-Party Complaint against BioLab. ECF No. 1-1 at 31-33. Thereafter, on March 12, 2013, Clean Harbors filed an Amended and Substituted Third-Party Complaint ("Amended Third-Party Complaint") again against BioLab. ECF No. 1-1 at 51-54. This is the most recent complaint Clean Harbors filed against BioLab.

In the Amended Third-Party Complaint against BioLab, Clean Harbors seeks "a declaration that Biolab is obligated to defend and indemnify CHESI [Clean Harbors] for any judgment, attorney's fees, or costs arising from the incident giving rise to this Class Action Complaint." ECF No. 1-1 at 53 ¶ 18. Clean Harbors also seeks alternative relief: "In the alternative, CHESI alleges it is entitled to contribution and/or an apportionment of fault." *Id.* ¶ 20.

Based upon the record before the Court, it appears BioLab was served through its registered agent of service on March 5, 2013. ECF No. 1-1 at 51-54. Thereafter, over thirty days later, on April 19, 2013, BioLab removed this action from the Circuit Court of Union County, Arkansas to the United States District Court for the Western District of Arkansas.[1] ECF No. 1. BioLab removed this action to federal court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1453. *Id.* On May 20, 2013, Plaintiffs filed the current Motion to Remand. ECF No. 10.

With this Motion, Plaintiffs claim this action was not properly removed. ECF No. 10. Specifically, Plaintiffs claim BioLab, as a third-party defendant, cannot remove this action to federal court. *Id.* Plaintiffs claim only a "defendant" is authorized to remove this action to federal court pursuant to 28 U.S.C. § 1446(a). *Id.* BioLab responded to this Motion and argues the claims by

---

[1] It appears this action may not have been timely removed. *See* 28 U.S.C. § 1446(b) (requiring a notice of removal to be filed within thirty days "after the receipt by the defendant, through services or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such actions or proceeding is based"). Plaintiffs do not raise this issue in their Motion, and the Court will not address this issue.

Clean Harbors against them are "separate and independent" and, as such, are removable. ECF No. 12.

**2.    Applicable Law:**

The present action has been removed to federal court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1453. ECF No. 1. Under 28 U.S.C. § 1441(a), only civil actions "which the district courts of the United States have original jurisdiction" may be removed. In the present action, the "original jurisdiction" of this case is based upon diversity of citizenship. *See* 28 U.S.C. § 1332 (2011). Diversity of citizenship requires two showings: (1) an amount in controversy exceeding $75,000 and (2) citizenship of "different States." 28 U.S.C. § 1332(a). Both showings must be made in order for a state court action to be properly removed on the basis of diversity of citizenship. *Id.*

The procedure for removing a civil action pursuant to 28 U.S.C § 1441 is outlined in 28 U.S.C. § 1446 (2011). According to this provision, "[a] defendant or defendants" are authorized to remove an action to federal court, and "all defendants who have been properly joined and served must join in or consent to the removal of the action."

Subject to certain requirements, class actions may also be removed pursuant to 28 U.S.C. § 1453 (2011), the "Class Action Fairness Act" or "CAFA." Under CAFA, a class action may be removed in accordance with 28 U.S.C. § 1446, but "any defendant" may remove the action "without the consent of all defendants." Thus, unlike the removal pursuant to 28 U.S.C § 1441, consent of all defendants is not required. The Court will now turn to the issue of whether this action was properly removed pursuant to either 28 U.S.C. § 1441 or 28 U.S.C. § 1453.

**3.    Discussion:**

In the present action, BioLab claims the removal of this action was proper pursuant to 28

U.S.C. § 1441 and 28 U.S.C. § 1453. ECF No. 1. As an initial matter, a removal pursuant to 28 U.S.C. § 1441 must be joined by "all defendants." *See* 28 U.S.C. § 1446. Here, Clean Harbors did not join in BioLab's notice of removal. ECF No. 1. Accordingly, because this notice of removal has not been joined by "all defendants," this action cannot be removed pursuant to 28 U.S.C. § 1441.

The remaining issue is whether this action is removable under 28 U.S.C. § 1453. As noted above, the "consent of all defendants" is not required. Thus, it is irrelevant that Clean Harbors did not join in the notice of removal. Further, with their Motion, Plaintiffs do not claim that this action is not removable under CAFA. ECF No. 10. Thus, it appears this action may be removable under CAFA. *Id.* Indeed, the only issue in this case is whether BioLab as a third-party defendant had the authority to remove this action to federal court. For the reasons outlined below, the Court finds BioLab did not have that authority, and, as such, this case must be remanded to the Circuit Court for Union County, Arkansas.

First, caselaw is clear that only a "defendant" may remove an action to federal court. *Shamrock Oil & Gas Corp. v. Sheets et al.,* 313 U.S. 100, 107 (1941). The United States Supreme Court has found the choice of the word "defendant" to be significant and subject to "strict construction." *Id.* at 108. Consistent with *Shamrock Oil,* the Eighth Circuit Court of Appeals has held the removal statute does not permit removal by third-party defendants. *See Lewis v. Windsor Door Co.,* 926 F.2d 729, 733-34 (8th Cir. 1991). The Western District of Arkansas has also followed the holdings in *Shamrock* and *Lewis. See Jones v. Union Pac. R. Co.,* 2010 WL 2278653, at *1 (W.D. Ark. June 7, 2010) (Honorable Robert T. Dawson). *See also Friddle v. Hardee's Food Sys., Inc.,* 534 F. Supp. 148, 149 (W.D. Ark. Dec. 16, 1981) (Honorable Franklin Waters) (holding "1441(a) limits the right to remove to defendants and does not give a right of removal to third-party

defendants").

In its briefing, BioLab recognizes the holding from *Lewis* but attempts to distinguish the facts of *Lewis* from the facts in the present action. ECF No. 12 at 1-2. It is important to first consider the facts from *Lewis*. In *Lewis,* the Eighth Circuit was interpreting 28 U.S.C. § 1441(c) as it was written at the time. 926 F.2d at 733. At the time *Lewis* was written, Section 1441(c) (1988) provided that a "separate and independent" claim could be removed even if it was joined with one or more otherwise nonremovable claims or causes of action. *Id.* Based upon the way the statute was written, the primary inquiry became whether the claims of a third-party defendant were "separate and independent" so that they could be removed. *Id.* Construing that statute, the Eighth Circuit in *Lewis* found a the third-party defendant had no "separate and independent" claims but instead had only derivative claims. *Id.* The *Lewis* holding was that because the third-party claim had "not yet matured," it could not "constitute a basis for removal." *Id.* Thus, the *Lewis* court found remand was required. *Id.*

In its briefing, in an attempt to distinguish the facts from *Lewis* from the facts in the present action, BioLab claims that, unlike the third-party complaint in *Lewis,* the Amended Third-Party Complaint filed in this action raises "separate and independent" claims for breach of contract and negligence that are entitled to removal. ECF No. 12. This argument is not persuasive. As noted above, despite the factual allegations Clean Harbors pled, the relief Clean Harbors is seeking is indemnification or, alternatively, contribution and apportionment of fault. ECF No. 1-1 at 53 ¶¶ 18, 20. By their very nature, under *Lewis,* such claims are derivative and are not "separate and independent" claims.

Additionally, and even more importantly, 28 U.S.C. § 1441(c) was amended in 1990 to only

5

apply to federal question cases under 28 U.S.C. § 1331 that are removed. It does not apply to a diversity or CAFA removal such as this. *See* 28 U.S.C. § 1441(c). Thus, BioLab cannot even rely upon the reasoning in *Lewis* to avoid the general rule articulated in *Shamrock Oil*.

Second, CAFA provides a class action may be removed by "any" defendant. *See* 28 U.S.C. § 1453. The implication is "any" could include all types of defendants, including a third-party defendant. Such an argument has been rejected by this Court previously. In *Deutsch Bank National Trust Company v. Stephen Brian Collins et al.,* Judge Susan O. Hickey found CAFA's use of the word "any" does not expand on the traditional removal definition of "defendant." *Deutsch Bank Nat'l Trust Co. v. Stephen Brian Collins et al.*, 4:11-cv-04092*,* Order on Defendants' Motion to Remand, P. 6, March 7, 2012, ECF No. 20.[2] Thus, the Court finds CAFA's use of the word "any" does not include a third-party defendant and does not authorize a third-party defendant to remove this action. *See* 28 U.S.C. § 1453.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Plaintiffs' Motion to Remand (ECF No. 7) be **GRANTED.**[3]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[2] In her *Deutsch Bank* Order, Judge Hickey stated: "Because the Court finds nothing in the language or legislative history of CAFA to alter the traditional rule that a counterdefendant such as Deutsche Bank may not remove a case to federal court, the Defendants/Counterclaimants' Motion to Remand is GRANTED."

[3] If the report and recommendation is adopted, a certified copy of that order and this report and recommendation should be mailed by the U.S. Clerk to the clerk of the Circuit Court of Union County, Arkansas pursuant to 28 U.S.C. § 1447(c). The Circuit Court of Union County, Arkansas may "thereupon proceed with such case." *Id.*

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th day of October 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE