IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLA GIBSON, WINDELL LAWSON,
JOYCE POWELL, JEFF ROGERS,
LEE WARDEN, KATHY WOODS, and
LILLIE WOODS, on behalf of themselves
and all others similarly situated                                                                    PLAINTIFF

V.                                           CIVIL NO. 1:13-cv-1040

CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.                                                                                       DEFENDANT/
                                                                                           THIRD-PARTY PLAINTIFF

V.

BIOLAB, INC.                                                                                 THIRD-PARTY DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed October 16, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 17). Judge Bryant recommends that Plaintiffs' Motion to Remand (ECF No. 10) be granted. After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

On January 4, 2013, Plaintiffs filed a class action complaint in the Circuit Court of Union County, Arkansas. (ECF No. 1). Plaintiffs subsequently amended their complaint on February 2, 2013, to name the proper Defendant, Clean Harbors Environmental Services, Inc. ("Clean Harbors"). *Id.* On February 8, 2013, Clean Harbors filed a Third-Party Complaint against BioLab, Inc. ("BioLab"). *Id.* On March 12, 2013, Clean Harbors filed an Amended and Substituted Third-Party Complaint against BioLab. *Id.*

In the Amended Third-Party Complaint against BioLab, Clean Harbors alleges that BioLab proximately caused the incident giving rise to Plaintiffs' complaint. Specifically, Clean Harbors alleges it incurred damages because BioLab breached its obligations and warranties to Clean Harbors and negligently failed to warn Clean Harbors. *Id.* Clean Harbors also seeks a "declaration that BioLab is obligated to defend and indemnify [Clean Harbors] for any judgment, attorney's fees, or costs arising from the incident giving rise to this Class Action Complaint" and, in the alternative, "contribution and/or an apportionment of fault." *Id.*

After Clean Harbors served BioLab, BioLab removed this action to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1453. *Id.* On May 20, 2013, Plaintiffs filed a Motion to Remand. (ECF No. 10). After Judge Bryant filed his Report and Recommendation, BioLab and Clean Harbors filed objections to the Report and Recommendation. (ECF No. 18 & 19). Plaintiffs filed responses to the objections. (ECF No. 20 & 21).

BioLab and Clean Harbors object to the Report and Recommendation because Judge Bryant did not consider Clean Harbors claim for damages against BioLab when he concluded the suit was not removable under *Lewis v. Windsor Door Company*, 926 F.2d 729, 733 (8th Cir. 1991). In *Lewis*, the Eighth Circuit held that a third-party defendant may remove a suit if the third-party complaint is "separate and independent" from Plaintiffs' claims. *Id.* BioLab and Clean Harbors argue that Clean Harbor's claim for damages makes Clean Harbors third-party complaint "separate and independent" from Plaintiffs' claims.

The Court disagrees with BioLab and Clean Harbors. Judge Bryant properly concluded that the suit is not removable under *Lewis*. As Judge Bryant stated, *Lewis* is not applicable to this case. In *Lewis*, the Eighth Circuit held that 28 U.S.C. § 1441(c) did not permit removal by a

third-party defendant unless the claim is "separate and independent" from the plaintiff's claim. *Id.* However, Congress amended Section 1441(c) in 1990 to apply only to removal of federal question cases, not diversity cases or class actions. *See* 28 U.S.C. § 1441(c). BioLab removed this case based on diversity of citizenship and the Class Action Fairness Act. Thus, Section 1441(c) and *Lewis* are not applicable. Therefore, the Court concludes that Judge Bryant properly recommended that the case be remanded.

For the reasons set forth above, the Court overrules Defendants' objections and adopts Judge Bryant's Report and Recommendation. (ECF No. 17). Accordingly, Plaintiffs' Motion to Remand (ECF No. 10) is **GRANTED**. The case is remanded to the Circuit Court of Union County, Arkansas, for further proceedings

**IT IS SO ORDERED**, this 24th day of January, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge